UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-23074-CV-KING
MAGISTRATE JUDGE REID

GERSON JUAREZ,

      Petitioner,

v.

MARK S. INCH,
SEC'Y, FLA. DEP'T OF CORR.,

      Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE

### I. Introduction

Petitioner, **Gerson Juarez**, has filed a *pro se* Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, attacking the constitutionality of his convictions for sexual battery by multiple perpetrators and unlawful sexual activity with a minor, entered following a jury verdict in Miami-Dade County Circuit Court, **Case No. F06-11820-C**. [ECF No. 9]. For the reasons discussed below, the Petition should be **DISMISSED** as untimely.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B), S.D. of Fla. Admin. Order 2019-02, and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts. [ECF No. 2].

For its consideration of the Amended Petition [ECF No. 9], the Court has the state's Revised Response [ECF No. 15] to this Court's Order to Show Cause, and Petitioner's Reply [ECF No. 19], together with multiple appendices [ECF Nos. 15-1, 15-2, 15-3, 15-4, 15-5, 16], containing copies of relevant state court records and transcripts which this court takes judicial notice of. *See*

1

Fed. R. Evid. 201; *see also Nguyen v. United States,* 556 F.3d 1244, 1259 n. 7 (11th Cir. 2009) (quoting *United States v. Glover,* 179 F.3d 1300, 1302 n. 5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts.") (citation omitted)).

## II. Claims

Construing the arguments liberally as afforded *pro se* litigants, pursuant to *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*), Petitioner raises the following fourteen grounds for relief:

1. The trial court erred by allowing the state to use Petitioner's pre-arrest silence as substantive evidence of guilt during state's case-in-chief. [ECF No. 9 at 4].[1]

2. The trial court erred by failing to exclude the alleged victim's 9-1-1 call made seven hours after the alleged incident. [ECF No. 9 at 5].

3. The trial court erred in denying ground one of his motion to correct illegal sentence as to Counts 2 and 3 on the basis that it violated double jeopardy where the evidence demonstrated there was a single transaction. [ECF No. 9 at 6].

4. The trial court erred in denying ground two of his motion to correct illegal sentence as the offense charged in Count 3 is incidental to and part of the offense charged in Count 2. [ECF No. 9 at 7].

5. It was fundamental error to instruct the jury on the elements of sexual battery that was never charged in the Information. [ECF No. 9 at 8].

6. His convictions and sentences are illegal based on an Information that failed to allege the essential elements of sexual battery as to each charge. [ECF No. 9 at 9].

7. Counsel was ineffective for failing to file a motion to dismiss one of Petitioner's charges on the basis that the charge violated Florida and federal constitutions. [ECF No. 9 at 10].

8. Counsel was ineffective for conceding Petitioner's guilt without Petitioner's approval. [ECF No. 9 at 11].

---

[1] Unless otherwise specified, the page number identified in this Report following reference to Respondent's exhibits is that imprinted on the filing by CM/ECF, the Court's electronic filing system.

9. Counsel was ineffective for arguing a defense of consent when the state's case relied on physical incapacitation, nullifying the defense on Count 2. [ECF No. 9 at 12].

10. Counsel was ineffective for failing to seek severance of the two charges. [ECF No. 9 at 13].

11. Counsel was ineffective for failing to subpoena Petitioner and/or the victim's phone texting records. [ECF No. 9 at 14].

12. Counsel was ineffective for failing to argue the rule of completeness. [ECF No. 9 at 15].

13. Counsel was ineffective for failing to call as an alibi/exculpatory witness, Petitioner's co-defendant, Ruben Arroyo, to testify as a defense witness at trial. [ECF No. 9 at 16].

14. Petitioner's presumption of innocence was not overcome by the state's evidence. [ECF No. 9 at 17].

### III. Applicable Standard of Review - Re Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a one-year statute of limitations on petitions for writ of habeas corpus filed by state prisoners. *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus . . ."). Specifically, AEDPA provides that the limitations period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented

could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).

Under 28 U.S.C. § 2254(a), a state habeas petition may challenge only the state court judgment under which a petitioner is in custody. *See Patterson v. Sec'y, Fla. Dep't of Corr.,* 849 F.3d 1321, 1325 (11th Cir. 2017) (*en banc*) (citing 28 U.S.C. § 2244(b)). The only "judgment that matters for purposes of § 2244 is 'the judgment authorizing the prisoner's confinement.'" *Id.* (quoting *Magwood v. Patterson,* 561 U.S. 320, 332 (2010)). Thus, "AEDPA's statute of limitations begins to run when the judgment pursuant to which the petitioner is in custody, which is based on both the conviction and the sentence the petitioner is serving, is final." *Vaughan v. Sec'y, Fla. Dep't of Corr.,* 770 F. App'x 554, 555 (11th Cir. 2019) (*per curiam*) (quoting *Ferreira v. Sec'y, Dep't of Corr.,* 494 F.3d 1286, 1293 (11th Cir. 2007)).

## IV. Relevant State Court Procedural History

Petitioner was charged with and found guilty of sexual battery by multiple perpetrators, in violation of Fla. Stat. §§ 794.011 and 794.023(2)(h) (Count 2), and unlawful sexual activity with a minor, who was sixteen or seventeen years old at the time of such activity, in violation of Fla. Stat. § 794.05 (Count 3), following a jury verdict. [ECF No. 15-2, Exs. A-B at 2-13]. Petitioner was adjudicated guilty and sentenced to a fifteen-year term of imprisonment as to Count 2, and a concurrent ten-year term of imprisonment as to Count 3. [ECF No. 15-2, Ex. C at 15-16].[2] On **November 13, 2013,** Petitioner's judgment was *per curiam* affirmed on appeal in a decision without written opinion. *See Juarez v. State,* 126 So. 3d 1064 (Fla. 3d DCA 2013) (unpublished table decision); [ECF No. 15-2, Ex. F at 73].

---

[2] While Petitioner was prosecuting his direct appeal, a motion to correct illegal sentence was granted and an order entered on November 12, 2012, *nunc pro tunc* to May 9, 2012, the date the original sentence was imposed, giving Petitioner credit for time served in county jail. [ECF No. 15-5, Ex. C at 127-29]. This, however, had no effect on the finality of Petitioner's conviction.

Petitioner was not permitted to seek discretionary review with the Florida Supreme Court because the affirmance on direct appeal did not cite to any decision for which the Florida Supreme Court had accepted review. *See Wells v. State,* 132 So. 3d 1110, 1113 (Fla. 2014) (*per curiam*). Therefore, the judgment became final on **February 11, 2014,** ninety days after the state appellate court issued its opinion affirming the judgment of conviction, when the period for seeking discretionary review with the Supreme Court of the United States expired. *See* Sup. Ct. R. 13; *see also Gonzalez v. Thaler,* 565 U.S. 134, 154 (2012); *Moore v. Sec'y, Fla. Dep't of Corr.,* 762 F. App'x 610, 617 (11th Cir. Feb. 13, 2019) (*per curiam*) (citing *Gonzalez,* 565 U.S. at 150).

The federal limitations period ran un-tolled for **132 days,** from **February 11, 2014 until June 23, 2014,** when Petitioner next filed a state habeas corpus petition with the Third District Court of Appeal. [ECF No. 15-2, Ex. G at 72]. The federal limitations period was tolled until the appellate court denied the petition, *see Juarez v. State,* 162 So. 3d 1017 (Fla. 3d DCA 2014) (unpublished table decision), and the proceeding concluded with the denial of rehearing on **July 22, 2014.** [ECF No. 15-2, Ex. H at 91].

The limitations clock ran unchecked for an additional **132 days**, from the **July 22, 2014** conclusion of Petitioner's habeas proceeding above until **December 1, 2014,** when he returned to the trial court filing a motion for post-conviction relief, pursuant to Fla. R. Crim. P. 3.850 ("Rule 3.850 Motion"). [ECF No. 15-2, Ex. I at 97]. The trial court initially denied the motion as legally insufficient. [ECF No. 15-2, Ex. J at 154]. On rehearing, that denial was reversed on appeal, finding Petitioner was entitled to amend his Rule 3.850 Motion. *See Juarez v. State,* 215 So. 3d 89 (Fla. 3d DCA 2016); [ECF No. 15-3, Ex. L at 19]. Movant filed his Amended Rule 3.850 Motion, and a motion for evidentiary hearing. [ECF No. 15-3, Exs. M, N]. The trial court denied the motions, and the denial of the Amended Rule 3.850 Motion was *per curiam* affirmed on appeal in a decision

without written opinion. *See Juarez v. State,* 272 So. 3d 769 (Fla. 3d DCA 2019) (unpublished table decision); [ECF No. 15-3, Ex. R at 106]. The Rule 3.850 proceeding concluded when the mandate issued on **February 22, 2019.** [ECF No. 15-3, Ex. R at 106].

While the foregoing Rule 3.850 proceedings were pending, Petitioner's emergency petition for writ of habeas corpus was denied, and that denial affirmed on appeal in a decision without written opinion. *See Juarez v. State,* 270 So. 3d 1234 (Fla. 3d DCA 2018) (unpublished table decision); [ECF No. 15-4, Exs. S-V]. After rehearing was denied, the proceeding concluded with the issuance of the mandate on **March 18, 2019.** [ECF No. 15-4, Ex. V at 63].

Before the above mandate issued, Petitioner returned to the trial court, filing a motion to correct illegal sentence or, in the alternative, petition for writ of habeas corpus, which was denied by the trial court as time-barred and successive. [ECF No. 15-4, Exs. W-X]. That denial was *per curiam* affirmed on appeal in a decision without written opinion, *see Juarez v. State,* 298 So. 3d 586 (Fla. 3d DCA 2019) (unpublished table decision); [ECF No. 15-4, Ex. Z at 108, 124]. The proceeding concluded when the mandate issued on June 28, 2019. [ECF No. 15-4, Ex. Z].

The foregoing time-barred and successive 2018 motion to correct illegal sentence was not a properly filed state, post-conviction proceeding because it was not in compliance with state court filing requirements, having been untimely filed under Florida Rules governing such filings. *See* 28 U.S.C. §2244(d)(2); *see also Gorby v. McNeil,* 530 F.3d 1363, 1366 (11th Cir. 2008) (explaining that a state application is "properly filed" when "'its delivery and acceptance are in compliance with the applicable laws and rules governing filings,'" which typically include "'the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.'") (internal citations and quotations omitted).

6

Consequently, the federal limitations period was not tolled during its pendency, and ran un-checked for **122 days,** from the **March 18, 2019** mandate issued at conclusion of Petitioner's emergency habeas corpus petition, until Petitioner came to this court, filing an initial federal habeas corpus petition, under the mailbox rule, on **July 18, 2019,** later amended on **August 30, 2019.**[3] [ECF Nos. 1 at 44-45; 9 at 1, 20].

## V. Discussion Re Timeliness

### A. Statutory Tolling Under § 2244(d)(1)

Respondent argues this federal habeas petition should be dismissed as untimely. [ECF No. 15 at 12-16]. Petitioner disagrees, claiming that there was less than one year of un-tolled time from the time his conviction became final until he filed his initial federal habeas Petition. [ECF Nos. 9 at 19-20; 19 at 2].

1. Statutory Tolling Under § 2244(d)(1)(A)

Petitioner does not dispute that his conviction became final on February 11, 2014 and the limitations period began on that date. As discussed above, this limitations period is tolled by properly filed, post-conviction motions, however, there was more than one year during which no properly filed post-conviction motions were pending which would serve to toll the limitations period from expiring.

2. Statutory Tolling Under §§ 2244(d)(1)(B)-(C)

That, however, does not end the Court's inquiry. Petitioner has not suggested that either § 2244(d)(1)(B) or (C) apply, nor is there any evidence of record to support a finding that Petitioner is entitled to statutory tolling on that basis.

---

[3] Absent evidence to the contrary, in accordance with the prison mailbox rule, a *pro se* prisoner's filing is deemed filed on the date it is delivered to prison authorities for mailing. *See Washington v. United States,* 243 F.3d 1299, 1301 (11th Cir. 2001) (*per curiam*) (citing *Adams v. United States,* 173 F.3d 1339, 1340-41 (11th Cir. 1999) (*per curiam*)); *see also* Fed. R. App. P. 4(c)(1).

3. <u>Statutory Tolling Under § 2244(d)(1)(D)</u>

Also, § 2244(d)(1)(D) is inapplicable because Petitioner has not suggested, nor is there anything in the record to suggest that the statute of limitations should be tolled on the basis of "new evidence" that would sufficiently restart the limitations period based upon "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Nothing of record suggests that the Petitioner's convictions are based on newly discovered evidence. To the contrary, his claims were reasonably discoverable, at the latest, by conclusion of his sentencing proceeding. Therefore, statutory tolling on this basis is not warranted.

**B. Statutory Tolling Under § 2244(d)(2)**

The Court's inquiry is still not at an end. Petitioner suggests this federal Petition is timely because the federal limitations period was tolled while he pursued state post-conviction proceedings, and claims he filed this Petition within a year of their conclusion. [ECF Nos. 9 at 19-20; 19 at 2]. Petitioner is mistaken.

It is true that the AEDPA's one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). Unless the appropriate limitations period was extended by properly filed state post-conviction or other collateral review proceedings, this federal petition remains time-barred pursuant to § 2244(d)(2). *See* 28 U.S.C. §2244(d)(2); *see also Rich,* 512 F. App'x at 982-83. Further, if Petitioner created any time gaps in the review process, the one-year clock would continue to run. *See Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013).

As discussed above, there were two time gaps created by Petitioner during which the federal limitations period continued to run. It ran un-tolled for **132 days,** from the time Petitioner's became final on **February 11, 2014** until **June 23, 2014,** when he properly filed a habeas corpus petition. It also ran un-tolled for **132 days** from **July 22, 2014,** when rehearing was denied on Petitioner's habeas corpus petition and the filing of his Rule 3.850 motion on **December 1, 2014** Rule 3.850 Motion.

Further, because his 2018 motion to correct illegal sentence was not a properly filed post-conviction application, the time during which it was pending did not serve to stop the federal limitations period. Thus, the limitations period ran un-tolled for **122 days,** from **March 18, 2019** until **July 18, 2019,** when Petitioner filed his initial § 2254 Petition.

Petitioner argues, however, that the trial court incorrectly recharacterized his 2018 motion, in violation of his due process rights. [ECF No. 19 at 2]. He argues that the trial court should have provided him with a *Castro*[4] warning prior to its re-characterization. [*Id.*]. *Castro* warnings are not applicable to the state trial court filing, as it involved the recharacterization of a pleading into a first federal habeas petition. Regardless, the trial court need not have warned Petitioner prior to re-characterizing the filing since it was not Petitioner's first post-conviction filing in that court.

Also, when denying relief, the trial court noted that Petitioner was raising a "Double Jeopardy violation" which was not "not cognizable under a Rule 3.800 motion to correct an illegal sentence," citing *Coughlin v. State,* 932 So. 2d 1224 (Fla. 2d DCA 2006); *Smith v. State,* 886 So. 2d 336 (Fla. 5th DCA 2004). [ECF No. 15-4, Ex. X at 90]. The court further found Petitioner was "unable to proceed" under a habeas corpus petition, because the issues raised in the filing "are those cognizable in a Rule 3.850 application," and, therefore, it was being construed as such, citing,

---

[4] *Castro v. United States,* 540 U.S. 375 (2003).

in pertinent part, *Craig v. State,* 45 So. 3d 1 (Fla. 3d DCA 2010). [*Id.*]. When construed as a Rule 3.850 Motion, the court found the motion to be time-barred and successive. [*Id.* at 91-92]. Given the foregoing, contrary to Petitioner's argument here, the Petitioner's motion was not a properly filed post-conviction application so that the time during which it was pending did not serve to stop the federal limitations period.

Thus, when adding together the un-tolled days, there was a total of **384 days,** well in excess of one year, during which no properly filed post-conviction proceedings were pending to serve to stop the limitations period from expiring. Since there was over **one year un-tolled,** from the time Petitioner's conviction became final until he filed his initial federal habeas corpus Petition, statutory tolling under § 2244(d)(2) is not warranted.

### C. Equitable Tolling

The timeliness issue is still not at an end because it next needs to be determined whether Petitioner is entitled to equitable tolling of the statute of limitations. *See Cadet v. Fla. Dep't of Corr.,* 853 F.3d 1216, 1218 (11th Cir. 2017) (citations omitted). Although not mentioned in the timeliness discussion of his Amended Petition, nor in his Reply [ECF No. 19], there is nothing of record to suggest Petitioner should be entitled to equitable tolling.

"'[E]quitable tolling is an extraordinary remedy [that] is limited to rare and exceptional circumstances and typically applied sparingly.'" *Lanier v. United States,* 769 F. App'x 847, 850 (11th Cir. 2019) (*per curiam*) (quoting *Hunter v. Ferrell,* 587 F.3d 1304, 1308 (11th Cir. 2009) (*per curiam*)). To be entitled to equitable tolling, Petitioner must demonstrate that (1) "'he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Id.* (quoting *Holland v. Florida,* 560 U.S. 631, 649 (2010)).

Petitioner bears the burden of establishing entitlement to equitable tolling. *See id.* (citing *Outler v. United States,* 485 F.3d 1273, 1280 (11th Cir. 2007) (*per curiam*)).

Extraordinary circumstances must be beyond Petitioner's control. *See Hunter*, 587 F.3d at 1308. Moreover, there must be a causal connection between the alleged extraordinary circumstances and the late filing of the petition. *See San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). However, the diligence required for equitable tolling is "reasonable diligence not maximum feasible diligence." *Id*. (quotation omitted).

It is well settled that an inadequate prison law library or limited access to the library or prison law clerks does not establish extraordinary circumstances for equitable tolling. *See Bland v. State,* 2017 WL 5668005, at *3 (11th Cir. 2017) (citing *Akins v. United States,* 204 F.3d 1086, 1089–90 (11th Cir. 2000)). Further, erroneous advice from an inmate law clerk also does not warrant equitable tolling. *See Deleon v. Fla. Dep't of Corr.,* 470 F. App'x 732, 734 (11th Cir. 2012) (*per curiam*).

Also, Petitioner provides no details on what efforts he made to obtain legal help or legal materials when he discovered the purported deficiencies at the prison where he is confined. He was required to do so. *See Aureoles v. Sec'y, Dep't of Corr.,* 609 F. App'x 623, 624 (11th Cir. 2015) (*per curiam*) (citing *Arthur v. Allen,* 452 F.3d 1234, 1253 (11th Cir.), *modified in part on other grounds on reh'g,* 459 F.3d 1310 (11th Cir. 2006)). Thus, Petitioner has not demonstrated that he is entitled to equitable tolling of the federal limitations period.

Because Petitioner failed to properly and diligently pursue his rights, he has failed to demonstrate that he qualifies for equitable tolling of the limitations period.

**D. Fundamental Miscarriage of Justice/Actual Innocence**

Petitioner has not demonstrated, nor does the record reflect, that a failure to review this § 2254 Petition on the merits will result in a fundamental miscarriage of justice. *See Henderson v. Campbell,* 353 F.3d 880, 892 (11th Cir. 2003). The fundamental miscarriage of justice exception is only available "in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id.* (quoting *Murray v. Carrier,* 477 U.S. 478, 498 (1986)). It is now well settled that "actual innocence," may serve as a gateway through which a petitioner may pass to overcome the AEDPA's procedural bar impediment caused by an untimely filing. *See McQuiggin v. Perkins*, 569 U.S. 383, 401 (2013); *see also San Martin*, 633 F.3d at 1267-68. Petitioner has not shown that he is actually innocent of the convictions, and the documents made part of this record prove otherwise. Petitioner has also not demonstrated or otherwise presented evidence to undermine the court's confidence in the outcome of Petitioner's criminal proceedings. *See Milton v. Sec'y, Dep't of Corr.,* 347 F. App'x 528, 531-32 (11th Cir. 2009) (*per curiam*).

Since Petitioner is not demonstrating actual, factual innocence, his untimely claims warrant no habeas corpus relief. *See e.g., Scott v. Duffy,* 372 F. App'x 61, 63-64 (11th Cir. 2010) (*per curiam*) (rejecting habeas petitioner's actual innocence claim where no showing made of factual innocence of aggravated assault underlying his probation revocation and instead merely cited to evidence from probation revocation hearing and argued it did not support revocation of probation); *Bousley v. United States,* 523 U.S. 614, 623 (1998). Given the foregoing, no fundamental miscarriage of justice will result from dismissal of this federal proceeding as untimely.

## VI. Evidentiary Hearing

In a habeas corpus proceeding, the burden is on a petitioner to establish the need for a federal evidentiary hearing. *See Chavez v. Sec'y, Fla. Dep't of Corr.,* 647 F.3d 1057, 1060 (11th Cir. 2011). To determine whether an evidentiary hearing is needed, the question is whether the alleged facts, when taken as true, are not refuted by the record and may entitle petitioner to relief. *See Schriro v. Landrigan,* 550 U.S. 465, 474 (2007); *see also Jones v. Sec'y, Fla. Dep't of Corr.*, 834 F.3d 1299, 1318-19 (11th Cir. 2016). The pertinent facts of this case are fully developed in the record before this Court. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," *Turner v. Crosby*, 339 F.3d 1247, 1275 (11th Cir. 2003), an evidentiary hearing is not warranted.

## VII. Certificate of Appealability

A prisoner seeking to appeal a district court's final order denying his § 2254 habeas corpus petition has no absolute entitlement to appeal, and to do so, must obtain a certificate of appealability ("COA"). *See Harbison v. Bell,* 556 U.S. 180, 183 (2009) (citing *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000); *Wilkinson v. Dotson,* 544 U.S. 74, 78-83 (2005)). Where a district court has rejected Petitioner's constitutional claims on the merits, Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack,* 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, Petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon consideration of the record as a whole, this Court should deny a certificate of appealability.

13

Notwithstanding, if Petitioner does not agree, he may bring this argument to the attention of the District Judge in objections.

### VIII. Conclusion

Based upon the foregoing, it is recommended that:

1. the Amended Petition [ECF No. 9] be DISMISSED as untimely;

2. judgment be entered in favor of Respondent;

3. a certificate of appealability be DENIED; and,

4. the case CLOSED.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); *see also* 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

Signed on this 17th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Gerson Juarez, *Pro Se*
     DC#M80159
     Okeechobee Correctional Institution
     Inmate Mail/Parcels
     3420 NE 168th Street
     Okeechobee, FL 34972

Linda S. Katz, Ass't Atty Gen'l
Florida Attorney General's Office
Department of Legal Affairs
444 Brickell Avenue, Suite 650
Miami, FL 33131
Email: linda.katz@myfloridalegal.com