UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-cv-23074-KING/REID

GERSON JUAREZ,

    Petitioner,

v.

MARK S. INCH,

    Respondent.

_____/

**FINAL ORDER OF DISMISSAL**

THIS CAUSE comes before the Court upon the March 17, 2021 Report and Recommendation ("R&R") of Magistrate Judge Lisette M. Reid (DE 22), recommending that Petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DE 9) be denied and that no certificate of appealability be issued. Petitioner moved for an extension of time to object to the R&R on March 30, 2021, which the Court granted. (DE 23, 24). Petitioner thereafter filed objections to the R&R on May 5, 2021. (DE 25).

As relevant here, the R&R found that Petitioner's "Motion to Correct Illegal Sentence [or] in the Alternative Petition for Writ of Habeas Corpus ('Successive Rule 3.850 Motion')" did not count toward statutory tolling under 28 U.S.C. § 2244(d)(2) because the state trial court recharacterized it as a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 and denied it as untimely and successive. (DE 22 at 6, 9–10); *see also* (DE 15-4 at 65).[1] In his Objections, Petitioner contends that the state trial court erred in recharacterizing his

---

[1] A Rule 3.850 motion dismissed as untimely does not count toward statutory tolling under § 2244(d)(2), even if the dismissal was on alternative grounds. *See Murphy v. Sec'y, Dep't of Corr.*, 279 F. App'x 877, 878 (11th Cir. 2008) (per curiam).

Successive Rule 3.850 Motion because: (1) it initially ruled that it lacked jurisdiction over the Second Rule 3.850 Motion; and (2) it erroneously determined under state law that the Successive Rule 3.850 Motion was truly a motion under Rule 3.850. (DE 25 at 2–7). However, the first contention is frivolous; jurisdiction returned to the trial court before it recharacterized the Successive Rule 3.850 Motion and denied it. *Compare* (DE 22 at 6) (appellate mandate issued on February 22, 2019), *with* (DE 15-4 at 93) (state trial court denied Successive Rule 3.850 Motion on March 8, 2019). The second contention is not reviewable in this § 2254 proceeding because it involves a state-law issue. *See, e.g.*, *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Chamblee v. Florida*, 905 F.3d 1192, 1196–98 (11th Cir. 2018). For the same reason, Petitioner's contention that he is entitled to equitable tolling based on the state trial court's allegedly erroneous determination is unavailing. (DE 25 at 7–8); *see also Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756–57 (2016) (mistake of law does not warrant equitable tolling).

Finally, the R&R adequately addresses Petitioner's contention that the state trial court's recharacterization of the Successive Rule 3.850 Motion violated due process and the Supreme Court's decision in *Castro v. United States*, 540 U.S. 375 (2003). (DE 22 at 9). This argument also fails because "[a] state prisoner has no federal constitutional right to post-conviction proceedings in state court." *Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008) (citations omitted).

In sum, upon consideration of the record and the R&R, the Court finds that Magistrate Judge Reid's R&R is well-reasoned and accurately states the law of the case. Accordingly, it is **ORDERED, ADJUDGED, and DECREED** as follows:

1.     Magistrate Judge Reid's March 17, 2021 Report and Recommendation (**DE 22**) be, and the same is, hereby **AFFIRMED and ADOPTED** as an Order of this Court.

    2.      Petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (DE 9) is **DISMISSED as untimely**.

    3.      No certificate of appealability shall issue; and

    4.      The Clerk of Court shall **CLOSE** this case.

**DONE** and **ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 14th day of May, 2021.

_____
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

cc:    All counsel of record
       Magistrate Judge Lisette M. Reid
       Clerk of Court
       Gerson Juarez, *pro se*